**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JAMES T. McALLISTER, JR.

VERSUS

McDERMOTT, INC., f/k/a
J. RAY McDERMOTT & CO., INC.
ET AL.

CIVIL ACTION

18-361-SDD-RLB

## RULING

This matter is before the Court on the *Motion for Expedited Trial Setting* filed by Plaintiff, James T. McAllister ("Plaintiff").[1] Defendant Air & Liquid Systems Corporation ("Defendant") has filed an *Opposition*[2] to this motion. Counsel for Plaintiff recently filed correspondence in this matter updating the Court on Plaintiff's failing health.[3]

This lawsuit was filed by Plaintiff in state court on January 8, 2018 and was removed to this Court on March 29, 2018. This case arises out of Plaintiff's diagnosis of mesothelioma allegedly caused by his exposure to asbestos. Plaintiff sat for a deposition on February 27 and 28, 2018. On May 14, 2018, Plaintiff filed the pending motion seeking an expedited trial date due to his rapidly declining health.

Defendant opposes this motion noting that this case involves twenty-seven defendants, remains in the very early stages of discovery, and expert reports for at least eleven identified experts have yet to be exchanged.

---

[1] Rec. Doc. No. 30.
[2] Rec. Doc. No. 42.
[3] Rec. Doc. No. 53.
47200

Both Parties cite to 28 U.S.C. § 1657(a), which provides, in pertinent part: "each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action … if good cause therefor is shown." The statute states that "good cause" is shown "if a right under the Constitution of the United States or a Federal Statute … would be maintained in a factual context that indicates that a request for expedited consideration has merit." Additionally Rule 16 of the Federal Rules of Civil Procedure grants courts wide discretion in managing their dockets.

Plaintiff relies on La Code Civ. Pro. Art. 1573, which provides:

> The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference.

Defendant notes that there is no similar provision in the Federal Rules of Civil Procedure which apply here; however, Plaintiff maintains that "the spirit of this rule is embodied within 28 U.S.C. § 1657(a)."[4]

The Court is not without compassion for Plaintiff's circumstances; however, the Court must deny Plaintiff's motion for a number of reasons. First, the Court has an obligation to ensure a fair trial for all parties involved. Considering the procedural posture of this litigation, it would be highly prejudicial to all Defendants, considering what remains to be accomplished through discovery, to force them to go to trial in a matter of months.

---

[4] Rec. Doc. No. 30-1, pp. 3-4.
47200

Second, the Court's docket simply has no availability to set this trial, or any other trial, until the spring of 2019.[5] Third, the Court maintains an active criminal docket, with several criminal cases involving multi-defendant drug conspiracy charges, and criminal matters and settings take precedence over all civil matters as a matter of law.

In short, while the Court is sympathetic to Plaintiff's failing health, the Court is unable to provide Plaintiff with an expedited trial date. As the District Court for the Eastern District of Louisiana recently stated: "Many litigants have compelling reasons to desire a speedy remedy, however, and the Court's schedule does not permit expedited consideration of all these cases."[6] Further, the Court finds that it would not be in the interests of the justice to force the Defendants to an expedited trial without adequate time for discovery and preparation.

Accordingly, Plaintiff's *Motion for Expedited Trial Setting*[7] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on July 31, 2018.

        *Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] The Court notes that, following the untimely passing of United States Senior Judge James Brady in December 2017, who maintained an active docket as a senior judge, the three active district judges of the Middle District of Louisiana each absorbed one-third of Judge Brady's pending criminal and civil dockets along with all hearing and trial dates previously set therein.

[6] *Berensen v. Administrators of the Tulane University Educational Fund*, No. , 2017 WL 3480794 at *2 (E.D. La. Aug. 14, 2017)(citing *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 72 (D.D.C. 2015) (finding that plaintiffs' interest in prompt resolution of the litigation did not constitute good cause to expedite trial, where plaintiffs were all at least 60 years old and some were in poor health)).

[7] Rec. Doc. No. 30.

47200