UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES T. McALLISTER, JR.                               CIVIL ACTION

VERSUS
                                                       NO. 18-361-SDD-RLB
McDERMOTT, INC., f/k/a
J. RAY McDERMOTT & CO.,
INC., ET AL.

## ORDER

Before the Court are the following motions pertaining to discovery and the discovery deadlines:

- Plaintiff's Motion to Compel Directed to Defendant Weir Valves & Controls, Inc. d/b/a Atwood & Morrill ("Weir") (R. Doc. 114);

- Plaintiff's Motion to Compel Directed to Defendant The Goodyear Tire & Rubber Company ("Goodyear") (R. Doc. 115);[1]

- Plaintiff's Motion to Compel Directed to Defendant Tate Andale, Inc. ("Tate Andale") (R. Doc. 121);

- Plaintiff's Motion to Compel Directed to Defendant McDermott, Inc. ("McDermott") (R. Doc. 147);[2]

- Plaintiff's Motion to Compel Discovery Directed to Defendant McDermott (R. Doc. 148);[3]

- Defendant Armstrong International, Inc's ("Armstrong") Motion to Amend Scheduling Order (R. Doc. 156);[4]

---

[1] Goodyear filed a timely opposition. (R. Doc. 175).
[2] McDermott filed a timely opposition. (R. Doc. 155).
[3] McDermott filed a timely opposition. (R. Doc. 158).
[4] Plaintiff's deadline to oppose this motion is October 30, 2019. (R. Doc. 173). Plaintiff did not file a timely opposition. Accordingly, the motion is unopposed.

- Defendant McDermott's Motion for Leave to Substitute Opposition to Plaintiff's Motion to Compel (R. Doc. 159);

- Plaintiff's Motion to Compel Directed to Defendant Tate Andale (R. Doc. 160);[5]

- Plaintiff's Motion to Compel Directed to Defendant Armstrong (R. Doc. 161);

- Plaintiff's Motion for Substitution of Pleadings Related to Rec. Doc. No. 115 (R. Doc. 162);

- Plaintiff's Substitute Motion to Compel Directed to Defendant Goodyear (R. Doc. 163);

- Plaintiff's Motion to Compel Directed to Defendant The Nash Engineering Company ("Nash") (R. Doc. 164);

- Plaintiff's Motion to Compel Directed to Defendant Spirax Sarco, Inc. ("Spirax") (R. Doc. 165);

- Plaintiff's Motion to Compel Discovery Directed to Defendant Armstrong (R. Doc. 166);

- Plaintiff's Motion to Compel Discovery Directed to Defendant Aurora Pump Company ("Aurora") (R. Doc. 167);

- Defendant Goodyear's Motion to Amend Scheduling Order (R. Doc. 168);[6]

- Plaintiff's Motion to Compel Discovery Directed to Defendant Air & Liquid Systems Corporation ("A&S Systems") (R. Doc. 169);

- Plaintiff's Motion to Compel Discovery Directed to Defendant Flowserve US Inc. ("Flowserve") (R. Doc. 170);

- Plaintiff's Motion to Compel Directed to Defendant Goodyear (R. Doc. 171);

- Plaintiff's Motion to Compel Directed to Defendant Nash (R. Doc. 172);

---

[5] Tate Andale filed a timely opposition. (R. Doc. 187).
[6] Plaintiff filed a timely opposition. (R. Doc. 185). Goodyear has withdrawn the motion. (R. Doc. 186).

- Plaintiff's Notice of Withdrawal of Plaintiff's Motion to Compel Directed to Defendant Weir (R. Doc. 176);

- Defendant Tate Andale's Motion to Amend Scheduling Order and Request for Expedited Consideration (R. Doc. 177);[7]

- Plaintiff's Motion to Compel Discovery Directed to Defendant Spirax (R. Doc. 179); and

- Goodyear's Notice of Withdrawal of Motion to Amend Scheduling Order (R. Doc. 186).

The substantive motions at issue seek orders compelling the Rule 30(b)(6) depositions of certain defendants, compelling certain defendants to provide written discovery responses, or extending deposition deadlines.

On October 15, 2019, the parties (with the exception of McDermott, Inc.) agreed to certain extensions of the discovery and motion deadlines, which the Court established, including a deadline to complete non-expert discovery on October 25, 2019, a deadline to complete expert discovery on November 1, 2019, and a deadline to file dispositive and Daubert motions on November 18, 2019. (R. Doc. 134). The foregoing extensions did not modify the trial date of June 22, 2020. (*See* R. Doc. 61).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension;

---
[7] Plaintiff filed a timely opposition. (R. Doc. 184).

(3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x. 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Having reviewed the record, and considering the arguments of the parties, the Court finds good cause to extend the non-expert discovery deadline for the purposes of conducting the remaining Rule 30(b)(6) depositions. The Court also finds good cause to extend expert discovery and motion deadlines.

The foregoing extensions will provide Plaintiff the opportunity to depose the defendants who have not yet been deposed and potentially moot several of the pending motions to compel. Although the motion is now withdrawn, the Court has considered the specific arguments raised by Goodyear in support of its request for a 45-day extension and Plaintiff's opposition to that motion. (R. Docs. 168, 185). The Court has also considered the specific arguments raised by McDermott in opposition to any extensions of the deadline to conduct its Rule 30(b)(6) deposition. (R. Docs. 125, 155, 159-1). Notwithstanding those arguments, the Court concludes that the deadlines set in this Order shall apply to all parties. There is good cause for the brief extensions set by this Order in light of the number of parties in this action and the need for these depositions to be completed prior to the filing of dispositive motions and trial. The extensions provided by this Order will not require modification of the trial date.

The Court will require any Rule 30(b)(6) depositions subject to a motion to compel to move forward if opposed solely on the basis that certain discovery deadlines have been expired or have been modified.[8] To the extent any of the pending motions to compel are rendered moot by this Order, the parties shall notify the Court in writing.

---

[8] McDermott suggests that it will be prejudiced by an extension of the non-expert discovery deadline for the purposes of completing its Rule 30(b)(6) deposition because it "has complied with all existing deadlines and submitted its expert reports" and, should it now be deposed, may have to revise those "expert reports based on any

Given the deadlines in this action, the Court finds good cause pursuant to Local Rule 7(f) to require any oppositions to the foregoing motions (to the extent that they have not already been opposed, have a briefing order in place, or have been ruled upon) to be filed on an expedited basis.

Based on the foregoing,

**IT IS ORDERED** that Defendant McDermott's Motion for Leave to Substitute Opposition to Plaintiff's Motion to Compel (R. Doc. 159) is **GRANTED**. The Clerk's Office shall replace the original opposition (R. Doc. 155) with the substitute opposition (R. Doc. 159-1) and exhibits.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Substitution of Pleadings Related to Rec. Doc. No. 115 (R. Doc. 162) is **GRANTED** and Plaintiff's Motion to Compel Directed to Defendant Goodyear (R. Doc. 115) is **DENIED AS MOOT.** No further action is required by the Clerk's Office as the Plaintiff's Substitute Motion to Compel Directed to Defendant Goodyear (R. Doc. 163) is already a pending motion.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Withdrawal of Plaintiff's Motion to Compel Directed to Defendant Weir (R. Doc. 176) is **GRANTED** and Plaintiff's Motion to Compel Directed to Defendant Weir (R. Doc. 114) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Armstrong's Motion to Amend Scheduling Order (R. Doc. 156) is **GRANTED**.

---

additional information addressed in the corporate deposition." (R. Doc. 125 at 2-3). This argument falls flat because the Court's prior scheduling order provided that the the deadline for Plaintiff to depose McDermott and for McDermott to provide expert reports fell on the same day. (*See* R. Doc. 96). It is further unclear how any factual information to be provided at its own deposition would be unknown to it prior to the submission of its expert reports. At any rate, any minimal prejudice to McDermott is addressed by the fact that it may supplement its expert reports as allowed by Rule 26(e)(2) after its deposition. Finally, the importance of allowing Plaintiff to take McDermott's Rule 30(b)(6) deposition outweighs any minimal prejudice to McDermott.

**IT IS FURTHER ORDERED** that Goodyear's Notice of Withdrawal of Motion to Amend Scheduling Order (R. Doc. 186) is **GRANTED** and Defendant Goodyear's Motion to Amend Scheduling Order (R. Doc. 168) is **DENIED AS MOOT.**

**IT IS ORDERED** that Defendant Tate Andale's Motion to Amend Scheduling Order and Request for Expedited Consideration (R. Doc. 177) is **GRANTED**.

**IT IS FURTHER ORDERED** that any oppositions to the motions subject to this Order (to the extent that they have not already been opposed, have a briefing order in place, or have been ruled upon) must be filed on or before **November 7, 2019**.

**IT IS FURTHER ORDERED** that **ORAL ARGUMENT** is set before the undersigned on **November 12, 2019 at 1:30 p.m. in Courtroom 6** on the motions subject to this Order unless they are resolved and withdrawn, or otherwise ruled upon, prior to that date.

**IT IS FURTHER ORDERED** that the following deadlines are established pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure:

1. Completion of all outstanding Rule 30(b)(6) depositions: **November 22, 2019.**[9]
2. Discovery from experts must be complete by **November 29, 2019.**
3. Deadline to file dispositive motions and Daubert motions: **December 16, 2019.**

All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on October 31, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] The deadline to file any motions with respect to written discovery has expired.