# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BELINDA D. MCALLISTER, ET AL.   CIVIL ACTION

VERSUS

NO. 18-361-SDD-RLB

McDERMOTT, INC., f/k/a
J. RAY McDERMOTT & CO.,
INC., ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery Directed to Defendant, Armstrong International, Inc. ("Armstrong") (R. Doc. 166) filed on October 25, 2019. Plaintiffs' motion seeks an order compelling Armstrong to provide supplemental responses to Plaintiffs' Interrogatory Nos. 10, 11, 12, and 16, and Request for Production Nos. 10, 11, 12, 13, and 28. Armstrong filed an opposition indicating that supplemental responses were provided after the filing of the motion. (R. Doc. 212).

Plaintiffs served the underlying discovery requests on October 11, 2018. (R. Docs. 166-2, 166-3). There is no dispute that Armstrong provided responses to the discovery requests. (*See* R. Doc. 166-4).

On August 30, 2019, over seven months after receiving the responses, Plaintiffs' counsel sent an email to defense counsel identifying certain purported deficiencies with respect to Armstrong's written discovery responses at issue. (R. Doc. 165-5). The email stated that if supplemental responses were not provided within 7 days, Plaintiffs would seek court intervention. (R. Doc. 165-5 at 2). Defense counsel represents that on September 6, 2019, the parties discussed possible settlement and agreed that discovery issues would be put on hold pending further settlement discussions. (R. Doc. 212-1).

On September 20, 2019, Plaintiffs and certain defendants (including Armstrong) filed a joint status report seeking, among other things, an extension of the non-expert discovery deadline to October 25, 2019. (R. Doc. 123). The status report represented that should the requested extensions be provided, "Plaintiff will gladly withdraw and/or continue the currently-filed Motions [to Compel] to permit further meet and confer efforts between the parties and avoid further Court intervention." (R. Doc. 123 at 1 n.2).

On October 15, 2019, the Court issued an amended scheduling order resetting, among other things, the deadline to complete non-expert discovery to October 25, 2019. (R. Doc. 134).

On October 25, 2019, Plaintiffs filed the instant motion to compel. (R. Doc. 166). The motion is accompanied with a "Certificate of Attempt to Resolve" providing that Plaintiffs' counsel "made reasonable attempts to resolve the matters" subject to the instant motion, and filed the instant motion only after the parties were "unable to resolve this dispute." (R. Doc. 166 at 5). Plaintiffs do not, however, identify any specific attempts to resolve the issues raised in the instant motion after the August 30, 2019 email detailed above. Moreover, Armstrong indicates that no additional communications between counsel were made with respect to written discovery after the September 6, 2019 conference. (R. Doc. 212-1 at 2).

On November 12, 2019, the Court held oral argument on the instant motion. (R. Doc. 211). At oral argument, the parties agreed that with respect to Plaintiffs' Interrogatory No. 10 and Request for Production No. 10, Armstrong would, within 7 days of oral argument, identify which affirmative defenses it was still pursuing in this action and provide a statement of material facts in support of each remaining affirmative defense. Defense counsel further represented that Armstrong had withdrawn the government contractor defense, which renders Plaintiffs' Interrogatory No. 11 moot. Plaintiffs' counsel also represented that Interrogatory No. 13, which seeks request for reservation of rights letters from insurance disputes pertaining to this case, is withdrawn. Finally, defense counsel

agreed to produce any missing verifications of responses within 7 days of oral argument.  To the extent the parties have reached agreements with respect to issues raised in the motion to compel, the Court will deny the motion as moot subject to each party complying with their agreed upon resolution.

The parties did not reach any agreements with respect to Plaintiffs' Interrogatory No. 12 and Request for Production No. 12, which respectively seek identification of all insurance coverage disputes brought by Armstrong involving asbestos-related claims and production of all associated documents in the records of those actions.  The parties also did not reach any agreements with respect to Plaintiffs' Interrogatory No. 16 and Request for Production No. 28, which collectively seek facts and documents supporting Armstrong's contentions regarding the foreseeability of the removal and/or installation of asbestos-containing gaskets and other materials prior to 1978 on the relevant vessels.

Having reviewed the record and the arguments presented by counsel, the Court will deny the motion to compel with respect to the written discovery requests remaining in dispute.  In short, Plaintiffs did not meet the requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure, which provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The record indicates that on August 30, 2019, Plaintiffs made a single attempt through email to obtain supplemental responses under threat of filing a motion to compel.  This correspondence does not satisfy the requirements of Rule 37(a)(1). *See Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, ECF No, 75 (M.D. La. July 3, 2014) (denying motion to compel where counsel sent single email demanding that full and complete responses to written discovery be provided by a certain date or a motion to compel would be filed); *see Ross v.*

*Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue"); *Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel . . . . For this reason, alone, his Motion should be denied."); *Antonis v. Elecs. for Imaging, Inc.*, No. 07-163, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies."); *Robinson v. Napolitano*, No. 08-4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) ("Nor is the meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests.").

In addition, the Court's initial scheduling order informed the parties that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 50 at 4). Plaintiffs' counsel makes no such representation in support of the motion.

While counsel for the parties discussed putting discovery issues on hold in light of settlement negotiations on September 6, 2019, there is no indication in the record that the parties held any additional conferences with respect to written discovery after that date and prior to the filing of the instant motion. The Court extended the deadline to file discovery motions in light of Plaintiffs' representation that further "meet and confer efforts" would be made between the parties to avoid court intervention. (R. Doc. 134; *see* R. Doc. 123 at 1 n.2). The record provides no support

for finding that Plaintiffs' counsel sought to resolve any disputes with respect to these written discovery requests (in person, by telephone, or otherwise) after the Court extended the deadline to file discovery motions with the expectation that good faith conferences would be held prior to the filing of any motions.

The Court's denial of relief with respect to Plaintiffs' Interrogatory Nos. 12 and 16, and Request for Production Nos. 12 and 28 on the basis of failure to meet-and-confer in good faith is not made in a vacuum. Plaintiffs provide no explanation why they waited approximately one year to file a motion to compel with respect to written discovery served on October 11, 2018. The discovery requests pertaining to insurance litigation are not limited in time or scope, and the record does not support a finding that Plaintiffs attempted to limit the scope of those overly broad requests prior to the filing of the motion. While this is one of several motions to compel filed by Plaintiffs at the close of discovery, the number of defendants in this action is no excuse for failure to attempt to resolve the parties' disputes without court intervention. Moreover, this is not a case where Plaintiffs are left without any discovery from the opposing party in light of the failure to confer. Plaintiffs will have the opportunity to obtain deposition testimony from Armstrong and its experts if they have not done so already. The record further indicates that Armstrong has provided responses and productions with respect to Plaintiffs' other written discovery requests. Any prejudice that Plaintiffs may face is a result of their failure to meet the requirements of Rule 37(a)(1) and this Court's scheduling orders. Given the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Directed to Defendant, Armstrong (R. Doc. 166) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on November 14, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**