UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES T. MCALLISTER, JR. | CIVIL ACTION |
| VERSUS | 18-361-SDD-RLB |
| MCDERMOTT, INC., f/k/a<br>J. RAY MCDERMOTT & CO., INC.<br>ET AL. | |

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Defendant, The Nash Engineering Company ("Nash"). Plaintiffs, Belinda D. McAllister, individually, as a surviving heir and as Independent Executrix of the Estate of James T. McAllister, Jr., and James T. McAllister III and Sean McAllister, as heirs of James T. McAllister ("Plaintiffs"), filed an *Opposition* to Nash's motion. For the following reasons, Nash's motion shall be denied.

**I.   BACKGROUND**

Plaintiffs have been substituted for James T. McAllister ("McAllister"), now deceased, who originally filed this lawsuit alleging injuries due to his alleged exposure to asbestos while working as a machinist mate aboard various vessels in service of the United States Navy.[2] McAllister claimed he was exposed to asbestos in pumps manufactured by Nash, and other products by other manufacturers, while working in

---

[1] Rec. Doc. No. 237.
[2] Rec. Doc. No. 286-3, Deposition of James T. McAllister.

engine rooms on submarines.³

McAllister developed mesothelioma and passed away on February 3, 2019.⁴ Plaintiffs, McAllister's surviving spouse, who is the executrix of his estate, and his surviving sons seek damages for McAllister's pre-death pain and suffering, mental anguish, and loss of enjoyment of life and damages for loss of income and loss of household services.⁵

Nash moves for partial summary judgment on Plaintiffs' claims for nonpecuniary damages, unavailable under maritime law, and damages for loss of income. Plaintiffs do not dispute that general maritime time law applies in this matter, with some exceptions.⁶ Plaintiffs concede that non-pecuniary damages are unavailable in a wrongful death claim under general maritime law. Indeed, Plaintiffs withdrew their claim for punitive damages in this matter.⁷ However, Plaintiffs maintain damages for the claimed losses are available in this case under applicable jurisprudence.

## II. LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine dispute of material fact.⁸ "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and

---

³ *Id.* at pp. 26-36.
⁴ Rec. Doc. No. 117.
⁵ Rec. Doc. No. 280, p. 13.
⁶ Rec. Doc. No. 286, p. 1.
⁷ Rec. Doc. No. 265.
⁸ *See* Fed. R. Civ. P. 56.

Document Number: 60305

identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[9] The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.[10]

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial.[11] The showing of a genuine dispute is not satisfied by creating "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[12] Rather, a genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13] The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine dispute.[14] The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."[15]

### B. Damages Recoverable

The Fifth Circuit has held: "[T]here can be no question that injured seamen can seek recovery for their own pain and suffering under the Jones Act and the general maritime law."[16] Additionally, under the Jones Act, a decedent's estate can bring a

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[10] *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).
[11] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[14] *Id.*
[15] *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).
[16] *McBride v. Estis Well Service, L.L.C.*, 768 F.3d 382, 424 (Higginson, J., dissenting) (citing *Douse v. Global Pipelines Plus*, 253 Fed.Appx. 342 (5th Cir. 2007)).

Document Number: 60305

survival action to recover all losses suffered during the decedent's lifetime.[17]  While only pecuniary losses are available under the Jones Act, the term "pecuniary" has been extended beyond its typical meaning to encompass the decedent's pain and suffering.[18]

In *Bell v. Foster Wheeler Energy Corp.*, the district court for the Eastern District of Louisiana addressed whether damages for a decedent's pre-death pain and suffering are pecuniary or nonpecuniary.[19] The court noted that "such damages are considered to be pecuniary in the context of a Jones Act claim."[20] The court continued:

> The Court finds that claims for pre-death pain and suffering should be treated similarly under general maritime law. The relevant case law supports this view. *See Neal*, 707 F. Supp. at 867 (holding that damages for pre-death pain and suffering "are considered pecuniary damages, recoverable as survival damages to the decedent's estate under both the Jones Act and general maritime law") (citing *De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 141 (5th Cir. 1986) (classifying damages for "predeath pain and suffering" as "pecuniary")). Further, though admittedly strange when compared with the usual understanding of the term "nonpecuniary," this view comports with the traditional maritime classification of pre-death pain and suffering as a pecuniary loss.[21]

The Court agrees with this analysis, and, to the extent Nash moves for summary judgment on pre-death pain and suffering-type claims, that motion is denied.

Nash also argues that Plaintiffs cannot recover damages for loss of income because, according to McAllister's responses to an interrogatory asking if anyone was dependent on him, he answered in the negative.[22]  Nash cites no authority for this argument.

---

[17] *See* 45 U.S.C. § 59 (incorporated by reference into the Jones Act per 46 U.S.C. § 30104).
[18] *See In re Denet Towing Serv., Inc.*, No. 98-1523, 1999 WL 329698, at *4 (E.D. La. May 21, 1999).
[19] 2017 WL 889074, *6 (E.D. La. Mar. 6, 2017).
[20] *Id.* (citing *Denet Towing*, 1999 WL 329698 at *4; *see also Miles*, 498 U.S. at 22 (allowing the plaintiff's estate to recover for the pre-death pain and suffering of the decedent seaman)).
[21] *Id.*
[22] Rec. Doc. No. 237-2, p. 9 (citing Exhibit C, no. 7).

Plaintiffs counter, arguing that the loss of McAllister's Social Security retirement benefits is a "loss of income" for his estate and pointing to evidence in the record that his wife has lost the household services provided by McAllister like taking out the trash, assisting with general household chores and maintenance, handling the finances, and assisting in the care of an elderly aunt.[23] Plaintiffs point to no evidence demonstrating that McAllister's surviving sons have suffered a loss of income or a loss of household services.

As noted by the district court for the Eastern District of Louisiana in *In re Fleet*: "Certainly, under both general maritime law and the Jones Act, survivors are entitled to recover 'pecuniary damages for loss of support and for loss of household services.'"[24] However, in *Fleet*, a surviving father was seeking such damages after the death of his seaman son. The Court granted summary judgment to the defendants on this claim because the defendant presented evidence showing that the father did not receive any support or household services from his son prior to his death, and the father failed to submit acceptable summary judgment evidence demonstrating a factual dispute on this issue.[25]

Plaintiffs' *First Amended Complaint* alleges that McAllister's surviving sons are both adults who reside in the state of Florida, while McAllister's surviving spouse resides in Louisiana, where McAllister resided with her until his death.[26] Thus, in accordance with the foregoing jurisprudence, damages for loss of income and/or loss of household

---

[23] Rec. Doc. No. 286-4, Deposition of Belinda McAllister, pp. 8, 10, 12-16, 28, & 38.
[24] 2017 WL 4574198 at *2 (E.D. La. Oct. 13, 2017)(quoting *Neal v. Barisich, Inc.*, 707 F. Supp. 862, 868 (E.D. La. 1989), aff'd, 889 F.2d 273 (5th Cir. 1989)).
[25] *Id.*
[26] Rec. Doc. No. 286, pp. 1-2.

services may only be recovered by McAllister's surviving spouse as executrix of his estate.

## III.  CONCLUSION

For the reasons set forth above, Nash's *Motion for Partial Summary Judgment*[27] is DENIED.  Plaintiffs have already withdrawn a request for punitive damages, and the law is clear that the remaining claims for damages are recoverable by McAllister's estate; however, this recovery is limited to the representative of the estate.

Baton Rouge, Louisiana, this 19th day of May, 2020.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. No. 237.
Document Number: 60305